ALD-096                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1246
_____

In re:  CHITA ALIPERIO; EMILE HERIVEAUX,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. Nos. 2-16-cv-01008 & 2-18-cv-13148)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 7, 2019

Before: MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed:  February 28, 2019)
_____

OPINION*
_____

PER CURIAM

        Pro se petitioners Chita Aliperio and Emile Heriveaux seek a writ of mandamus to

compel the District Court to take various actions in their cases.  For the reasons set forth

below, we will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Petitioners seek mandamus relief with respect to two actions they have instituted in the District Court.  In the first action, the petitioners alleged that several defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO) in the course of assigning their mortgage, using it in credit-default-swap contracts, collecting payments on it, and instituting foreclosure proceedings (hereafter, "the RICO action").  See D.C. Civ. A. No. 16-cv-1008.  They requested entry of default, which the Clerk refused to enter because the defendants had "made an appearance and there are Motions to Dismiss pending."  June 16, 2016 text order.  In December 2016, the District Court dismissed the complaint, and, after the Court denied the petitioners' motion to vacate the judgment, the petitioners filed a notice of appeal to this Court.  That appeal is currently pending.  See C.A. No. 17-2393.

In the second action, the petitioners alleged that several defendants violated the Fair Debt Collection Practices Act (FDCPA) in their communications with the petitioners concerning their mortgage (hereafter, "the FDCPA action").  See D.C. Civ. A. No. 18-cv-13148.  The petitioners sought entry of default, which the Court denied, explaining that the defendants had filed their answer "shortly after the deadline to answer expired" and that "the Third Circuit has a preference for cases being decided on the merits."  January 15, 2019 text order.  That action remains ongoing in the District Court.

The petitioners now seek a writ of mandamus.  They ask us to (a) strike the motions to dismiss and enter default in the RICO action, and (b) strike the answer, enter default, and then stay the FDCPA action.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, petitioners must establish that they have "no other adequate means" to obtain the relief requested, and that they have a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79.

Mandamus is not appropriate here. The petitioners can obtain appellate review of the orders denying entry of default on direct appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."); see also Dimond Rigging Co. v. BDP Int'l, Inc., -- F.3d ---, 2019 WL 321862, at *9 (6th Cir. Jan. 25, 2019) ("The district court dismissed [plaintiff's] case, and therefore the denial of the motion of default is reviewable along with the order of dismissal."). Likewise, to the extent that the petitioners allege that an improper party filed a motion to dismiss in the RICO action, they actually have raised that argument in their brief in C.A. No. 17-2393, so it is unnecessary to resort to mandamus.

We will thus deny the mandamus petition. To the extent that anything in the petitioners' mandamus petition can be construed as a motion seeking additional relief, it is denied.